(Decided June 30th, 1898.)

---

## CARROLL & MURPHY *vs.* THE BENEDICTINE SOCIETY OF BALTIMORE CITY AND PHILIP KRETZ.

### *Privity of Contract—Agency.*

Defendants ordered a quantity of coal from A., a dealer in coal, who directed plaintiffs, also dealers, to deliver the coal to defendants, and this was done in pursuance of the direction. Defendants paid the price to A. Upon his failure to pay the plaintiffs, the latter sued the defendants for the coal so delivered. *Held,* that since no contract was made between plaintiffs and defendants, and since A. did not sell the coal as plaintiffs' agent, plaintiffs had no right of action against defendants.

Appeal from the Superior Court of Baltimore City (DENNIS, J.), where, at the close of plaintiffs' case, a prayer was granted that there was no legally sufficient evidence to entitle the plaintiffs to recover. The case was tried before the Court without a jury.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*Thomas C. Weeks,* for the appellants.

*Thomas Foley Hisky* (with whom was *John Hinkley* on the brief), for the appellees.

BRYAN, J., delivered the opinion of the Court.

Carroll and Murphy sued the Benedictine Society of Baltimore City and the Reverend Philip Kretz. The evidence showed that the Benedictine Society owned the Fourteen Holy Martyrs Church, and that the Reverend Philip Kretz was the rector of the church, and that he had charge and care of the property, and ordered supplies for the church. It was further shown that he ordered a quantity of coal from Gray, a coal dealer, who held a lease of a coal yard belonging to the church. Gray applied to Carroll and Murphy, and they by agreement with him furnished the coal. They agreed to pay Gray a commission of fifteen cents per ton. As the coal was delivered, tickets were sent with it; some of them were delivered to the Rev. Mr. Kretz, and some to the sexton of the church. After the coal had been delivered, Carroll and Murphy sent in a bill for it to Mr. Kretz, and shortly afterwards Gray sent in his bill. Mr. Kretz called on Gray for an explanation, and Gray said that Mr. Kretz was to settle with him, and not with Carroll and Murphy. Mr. Kretz testified that he never recognized Carroll and Murphy's bill, because he had not ordered any coal from them. He paid Gray for the coal, and told him to settle with Carroll and Murphy. He had nothing to do with any understanding between Gray and Carroll and Murphy. Gray has never paid Carroll and Murphy. The Court ruled that there was no evidence entitling the plaintiffs to recover, and the verdict and judgment being against them, they appealed.

The defendants had no contract with the plaintiffs.

They contracted with Gray for coal, and when Gray in pursuance of the contract caused the coal to be delivered to them, his right of action was complete, and he could have recovered the price of it from them. They therefore paid him. Gray made an agreement with the plaintiffs, whereby they supplied the coal. The defendants were not parties to this agreement; and certainly they in no manner became Gray's sureties for the performance of his engagements with the plaintiffs. They were not responsible in any way for his delinquencies. They were bound to Gray because of their contract with him; and they were not bound to the plaintiffs, because they had made no contract with them. Instead of the agreement actually made between Gray and the plaintiffs, suppose that Gray had purchased the coal from the plaintiffs and had employed them to deliver it to the defendants, and had promised to pay over to the plaintiffs the money which he should receive from the defendants. Upon Gray's failure to keep his promise, would the plaintiffs have a right of action against the defendants? Most certainly not.

This case has been likened to a sale of a principal's goods by his agent. Under such circumstances the principal has a right of suit although his name was not disclosed to the buyer at the time of the sale. But the goods must be sold for and in behalf of, and for the benefit of the principal. In the present case Gray was not acting as the agent of plaintiffs in making the sale of the coal. He was himself a dealer, and he made the contract for his own benefit. He did not bind the plaintiffs to the performance of the contract, and he had no power to bind them. Nor did he contract to sell the coal of the plaintiffs. His dealings with the plaintiffs were after he had made the contract with the defendants, after he had acquired rights under it, whereby the defendants became bound to pay him when he delivered the coal, or caused it to be delivered by some other person. He could not release himself from his contract with the defendants to deliver the coal to them; neither were they released from their contract to pay

him when the coal was delivered. Gray's dealings with Carroll and Murphy were, so far as defendants were concerned, essentially and in all respects *res inter alios acta.* When Rev. Mr. Kretz told Gray to pay Carroll and Murphy their bill, he was merely urging him to do his duty as an honest man. This just and wholesome advice cannot be tortured into an acknowledgment that he was in any measure responsible for the debt himself.

*Judgment affirmed.*

(Decided October 28th, 1898.)